HART v. SUMMERS et al.

No. 8449—Opinion Filed Jan. 13, 1919.

(178 Pac. 89.)

(Syllabus.)

**Indians—Alienation of Land—Age of Allottee—Sufficiency of Evidence.**

Evidence examined, and found to reasonably support the findings and judgment of the trial court.

Error from District Court, Muskogee County; R. P. De Graffenried, Judge.

Action by Jack Summers and H. H. Bell against Frances A. Hart. Judgment for plaintiffs, and defendant brings error. Affirmed.

S. V. O'Hare, for plaintiff in error.

G. W. P. Brown and R. Emmett Stewart, for defendants in error.

SHARP, C. J. Plaintiffs' action was to quiet title to a tract of land in their possession allotted to James Simmons, a Creek freedman citizen, which land, on the 18th day of January, 1909, Simmons conveyed by warranty deed to William Grinmett, who in turn by quitclaim deed on February 16, 1915, conveyed his title therein to the plaintiff Summers. Afterwards, and on the 8th day of May, 1915, Simmons executed a quitclaim deed to the plaintiffs, Summers and Bell. The defendant, Hart, claimed title by virtue of a warranty deed made to her by Simmons on the 12th day of March, 1907. The sole question to be determined is that of the age of the allottee, Simmons, on the date of the Hart deed. The court found in favor of plaintiffs, and we are asked to reverse the judgment on the ground that it is not reasonably supported by the evidence. No documentary evidence was offered or introduced, nor is it here urged that any incompetent evidence was introduced, or competent evidence excluded. To sustain their case plaintiffs offered as witnesses in their behalf William Grimmett, stepfather, Jake Simmons, father, and the allottee, James Simmons. All testified that James was born September 22, 1887. Defendant offered as witnesses, in defense of her title, John Wier, an uncle of James, and Button Drew, a cousin of James' mother, whose testimony tended to show that James was 21 years of age on the date of the execution of the Hart deed. On the trial it was shown that the allottee, on the occasion of the execution of different conveyances, had made false affidavits as to his age. On the other hand, the testimony of the witnesses for the defendant is contradictory and unsatisfactory.

As an illustration we mention the testimony of the witness, Drew, who being asked the season of the year in which James was born, answered: "Now the grass was kind of green, maybe in the fall and maybe in the spring." Drew did not know his own age, though he stated he was "right about 70 years old." While able to testify as to the age of his cousin's son, he experienced much difficulty in giving the date of birth of his own children. In a situation such as presented by the record in this case we are not disposed to interfere with the findings and judgment of the trial court. The case being one of equitable cognizance we have examined the record, and cannot say that the judgment of the trial court is clearly against the weight of the evidence. On the other hand, we are inclined to the view that the evidence as to the date of James' birth preponderates in favor of the plaintiffs.

The judgment of the trial court is affirmed.

All the Justices concur, except TURNER, J.; BRETT, J., absent.